IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY MADDEN,                           CASE NO. 2:09-cv-133
                                       JUDGE MARBLEY
        Petitioner,                     MAGISTRATE JUDGE KEMP

v.

TIMOTHY BRUNSMAN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss or transfer the case to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition, petitioner's response,[1] and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> A jury convicted appellant in 2001 of 19 counts of rape in violation of R.C. 2907.02, 19 counts of sexual battery in violation of R.C. 2907.03, one count of kidnapping in violation

---

[1] Petitioner does not oppose respondent's motion to transfer this case to the United States Court of Appeals for the Sixth Circuit as a successive petition. *See Response in Opposition*, Doc. No. 5.

of R.C. 2905.01, and one count of domestic violence in violation of R.C. 2919.25; the victim was appellant's biological daughter. This court affirmed his convictions on appeal. *State v. Madden,* Franklin App. No. 01AP-1470, 2002-Ohio-3722.

In 2003, appellant filed an application under R.C. 2953.72 to have DNA testing performed on a carpet sample from the area where appellant allegedly ejaculated after sexually assaulting the victim on August 22, 2001. Relying upon R.C 2953.74(B)(1), the trial court denied appellant's application on the basis that "DNA testing was available in the year 2001, DNA testing was generally accepted in 2001, and the defense could have requested pre-trial DNA testing of the carpet" but failed to do so. (Trial court decision, Jan. 15, 2004.) Appellant appealed that decision to this court, but because he did not tender a deposit for costs or provide an affidavit of indigency as required by Loc.R. 3(C), we sua sponte dismissed his appeal on May 3, 2005. (Journal entry of dismissal, Franklin App. No. 05AP-102, May 3, 2005.)

On January 29, 2007, appellant filed a second application for DNA testing, which was denied for the same reason as his first application. (Trial court decision and entry, Aug. 7, 2007.) The trial court also noted that appellant's second application presented "nothing new," *id.,* a fact borne out by our review of both motions.[FN1]

FN1. In fact, appellant's second application appears to be a photocopy of his first application

*State v. Madden*, 2008 WL 2252553 (Ohio App. 10th Dist. June 3, 2008). On June 3, 2008, the appellate court dismissed petitioner's appeal. *Id.* On October 15, 2008, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Madden*, 119 Ohio St.3d 1488 (2008). On January 21, 2009, the United States Supreme Court denied petitioner's petition for a writ of *certiorari. Madden v. Ohio*, 129 S.Ct. 1015 (2009).

On February 24, 2009, petitioner filed the instant *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Absolute innocence and unconstitutional 2953.74.
>
> Ohio Revised Code Section 2953.74, et seq. is unconstitutional on its face because it prevents a convicted felon from proving his absolute innocence if DNA testing was available at the time of trial but was not requested by the defense attorney – even in the face of where it was brought out during a pre-trial hearing that the prosecutor stopped the forensic scientist (expert) from conducting the DNA test after preliminary testing had been commenced.

However, this is not petitioner's first federal habeas corpus petition. On March 2, 2006, he filed his first habeas corpus petition challenging the same underlying convictions at issue in these proceedings. On March 29, 2006, the Court dismissed that action as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). On April 11, 2006, the Court denied petitioner's motion for reconsideration. *See Madden v. Moore*, Case Number 06-cv-164 (S.D. Ohio, Eastern Division). Therefore, this action constitutes a successive habeas corpus petition.

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for

writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States,* 115 F.3d 136 (2nd Cir.1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir.), *cert. denied,* 520 U.S. 1203 (1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims,* 111 F.3d 45, 47 (6th Cir.1997)( *per curia* ). Under §2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States,* 96 F.3d 990 (7th Cir.1996).

That being the case, this Court is without jurisdiction to entertain a second or successive §2254 action unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty.  28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims, supra.*

[W]hen a prisoner has sought §2244(b)(3)(A) permission from

the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631.

*Id*. at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir.1996) ( *per curia* ).

Further, the record fails to reflect that petitioner's claim challenging the constitutionality of O.R.C. 2953.74, presumably as it applied to him, could not have been presented in his first habeas corpus petition, particularly since the appellate court dismissed the appeal of his first application under  that statute in May 2005, and long before he executed his first federal habeas corpus petition.  *See Lang v. United States*, 474 F.3d 348, 352 (6th Cir. 2007)("where a claim originates at resentencing and could not have been challenged at the original sentencing proceeding, the first §2255 motion challenging that claim is not a "second or successive" motion within the meaning of §2255, regardless of whether another §2255 motion has been previously filed."); *Cox v. Brunsman*, unpublished, 2008 WL 4185958 (S.D.Ohio September 5, 2008) (second §2254 petition challenging sexual predator classification which claim could not have been raised in first habeas corpus petition was not a successive habeas corpus petition).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization for filing as a successive petition.

/s/ Terence P. Kemp
United States Magistrate Judge